**E-Filed 2/14/06**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT KORHELY,<br><br>    Plaintiff,<br><br>v.<br><br>BRAD BOSTON, et al.,<br><br>    Defendants,<br><br>-and-<br><br>MERCURY INTERACTIVE CORPORATION,<br><br>    Nominal Defendant. | Case Number C 05-4642 JF (PVT)<br><br>ORDER (1) GRANTING MOTIONS TO CONSOLIDATE SHAREHOLDER DERIVATIVE ACTIONS; (2) GRANTING PLAINTIFF ROBERT J. CASEY'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATIONS; (3) GRANTING KORHELY PLAINTIFFS' MOTION FOR APPOINTMENT OF EXECUTIVE COMMITTEE OF PLAINTIFFS' COUNSEL; AND (4) DENYING PLAINTIFF ROBERT J. CASEY'S MOTION FOR APPOINTMENT OF LEAD DERIVATIVE PLAINTIFF<br><br>[Doc. Nos. 20, 24, 31, 36] |

There are five related shareholder derivative actions pending before this Court that seek redress on behalf of nominal defendant Mercury Interactive Corporation ("Mercury"): *Korhely v. Boston*, Case No. C 05-4642 JF (PVT); *Gupta v. Boston*, Case No. C 05-4685 JF (PVT); *Casey v. Landan*, Case No. C 05-4690 JF (PVT); *Selig v. Landan*, C 05-4703 JF (PVT); and *City of New Orleans Employees' Retirement System v. Boston*, Case No. C 05-4704 JF (PVT). These

actions allege that several of Mercury's top executives breached their duties of loyalty and good faith to Mercury by manipulating their stock options between 1995 and 2002 in order to secure financial benefit for themselves at the expense of Mercury.

The plaintiffs in all five actions request that the actions be consolidated pursuant to Federal Rule of Civil Procedure 42(a), which grants the Court discretion to consolidate actions involving a common question of law or fact. The five shareholder derivative actions against Mercury clearly involve common questions of law and fact. Accordingly, for good cause shown, and without opposition, the motions for consolidation will be granted.

Plaintiffs in four of the actions – *Korhely*, *Gupta*, *Selig* and *City of New Orleans* – request appointment of an executive committee to manage the consolidated litigation. The executive committee would be made up of the law firms representing the *Korhely*, *Gupta*, *Selig* and *New Orleans* plaintiffs. New Orleans' counsel, Wolf Haldenstein Adler Freeman & Herz LLP, would chair the executive committee, set policy and coordinate litigation of the action. Plaintiff in the fifth action, *Casey*, opposes appointment of such an executive committee and requests appointment as lead derivative plaintiff for purposes of managing the litigation in conjunction with his counsel, The Provost & Umphrey Law Firm, LLP, of Dallas, Texas. Casey's motion for leave to file supplemental declarations in support of his motion will be granted.

There do not appear to be any Ninth Circuit cases – or even district court cases from within this circuit – suggesting that appointment of a lead plaintiff is appropriate in a derivative action. The relevant cases from within the Ninth Circuit discuss appointment of lead plaintiff in the context of securities fraud class actions, not derivative actions. *See, e.g., In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002); *Bowman v. Legato Systems, Inc.*, 195 F.R.D. 655 (N.D. Cal. 2000). Appointment of lead plaintiff in securities fraud class actions is governed by the Private Securities Litigation Reform Act of 1995, Pub.L. No. 104-67 (1995). There is no analog with respect to derivative actions.

Casey cites two district cases from other circuits for the proposition that appointment of a lead plaintiff is appropriate in derivative actions, *Horn v. Raines*, 227 F.R.D. 1 (D.C. 2005), and *Wright v. Krispy Kreme Doughnuts, Inc.*, — F.R.D. —, 2005 WL 2977854 (M.D.N.C. Oct. 28,

2005).  Even if these cases were controlling, it does not appear that either would support appointment of Casey as lead plaintiff in the instant litigation.  In *Horn*, the court held that institutional plaintiffs are favored, and in *Wright* the court was persuaded that the first party to file a derivative action was the most appropriate lead plaintiff.  Casey is neither an institutional plaintiff nor the first to file here.

Moreover, there appears to be some question whether Casey meets the requirement of Federal Rule of Civil Procedure 23.1 that "the plaintiff was a shareholder or member at the time of the transaction of which the plaintiff complains."  The alleged misconduct by Mercury's executives began in 1995, and Casey did not purchase shares in Mercury until 2000; potentially, then, Casey may not have standing to prosecute a derivative action encompassing the majority of the time frame and transactions at issue.  The Court has received and considered the letter of Casey's counsel dated February 10, 2006, pointing out that the relevant time frame has not yet been established, arguing that Casey would have standing to pursue derivative claims arising before his first stock purchase in 2000, and asserting that there is no evidence in the record demonstrating that any other named plaintiff purchased stock significantly before Casey.  The Court is not in a position to resolve these issues based upon the record currently before it.  The Court simply notes Casey's potential standing problems as part of the backdrop against which it is being asked to determine an appropriate organizational structure for managing this litigation.

Having considered the record as a whole, the Court is persuaded that the executive committee proposed by all of the other plaintiffs in this action, and their counsel, best will serve the interests of Mercury and its shareholders.  The law firms in question have demonstrated an ability to work efficiently together; they have performed the bulk of the work in litigating this action to date and have demonstrated expertise in derivative actions and other complex litigation.  Two of the firms have offices in California, unlike counsel for Casey, which is based in Texas and does not maintain California offices.  Based upon all of these considerations, the Court will grant the motion for appointment of an executive committee and deny Casey's motion for appointment as lead derivative plaintiff.

Case No. C 05-4642 JF
ORDER (1) GRANTING MOTIONS TO CONSOLIDATE SHAREHOLDER DERIVATIVE ACTIONS ETC.
(JFLC2)

**ORDER**

(1) The following actions are CONSOLIDATED: *Korhely v. Boston*, Case No. C 05-4642 JF (PVT); *Gupta v. Boston*, Case No. C 05-4685 JF (PVT); *Casey v. Landan*, Case No. C 05-4690 JF (PVT); *Selig v. Landan*, C 05-4703 JF (PVT); and *City of New Orleans Employees' Retirement System v. Boston*, Case No. C 05-4704 JF (PVT). All five actions will be litigated under the lead case number, C 05-4642 JF (PVT);

(2) Plaintiff Casey's motion for leave to file supplemental declarations is GRANTED;

(3) The Korhely plaintiffs' motion for appointment of an executive committee to manage the litigation is GRANTED; and

(4) Plaintiff Casey's motion for appointment as lead derivative plaintiff is DENIED.

DATED: 2/14/06

_____
JEREMY FOGEL
United States District Judge

1  This Order was served on the following persons:

3  Jonathan Herschel Bornstein    jonathan@bornsteinandbornstein.com

5  Frank James Johnson    frank@johnsonlawfirmapc.com, brett@johnsonlawfirmapc.com

6  Betsy C. Manifold    manifold@whafh.com

8  Eric L. Zagar    ezagar@sbclasslaw.com

Case No. C 05-4642 JF
ORDER (1) GRANTING MOTIONS TO CONSOLIDATE SHAREHOLDER DERIVATIVE ACTIONS ETC.
(JFLC2)